IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LUSCIOUS GRAHAM,

        Plaintiff,

v.                                          Civil Action No. 1:16CV26
                                                          (STAMP)

ANTERO RESOURCES CORPORATION,
a Delaware corporation,

        Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND
AND GRANTING DEFENDANT'S MOTION TO
FILE A SECOND SUPPLEMENTAL RESPONSE**

I.    Background

     The plaintiff originally filed this civil action in the

Circuit Court of Ritchie County, West Virginia.   ECF No. 8 Ex. 1.

The defendant is a Delaware corporation with its principal place of

business located in Colorado.  The plaintiff allegedly owns certain

mineral rights, and asserts that the defendant conducted oil and

gas operations without her permission on land that included a

portion of such rights.  In Count I, the plaintiff alleges a claim

of trespass, theft, and conversion.  In Count II, the plaintiff

alleges that she was forced to sign participation agreements that

favored the defendant.   For relief, the plaintiff seeks

compensatory damages, punitive damages amounting to $1,000,000.00,

a declaratory judgment as to the signed participation agreements,

and that a receiver be appointed to operate the defendant's oil and

gas operations at issue.  The defendant then removed this civil action.  ECF No. 1.

At issue now is the plaintiff's motion to remand.  ECF No. 10. In her motion, the plaintiff states that she is a citizen of Colorado.  She points to the following facts: (1) her home is in Colorado, which burned down shortly after this cause of action commenced; (2) her oldest child recently graduated from high school in Colorado; and (3) she maintains a Colorado driver's license. Because the defendant, which has its principal place of business in Colorado, and the plaintiff are not diverse, the plaintiff seeks to have the notice of removal vacated and this action remanded.

The defendant filed a response in opposition.  ECF No. 12. The defendant first points out that the amount in controversy is undisputed by the plaintiff.  Next, the defendant asserts that the plaintiff is a citizen of Arkansas.  The defendant points to the joint operation agreements regarding the oil and gas operations that allegedly affect the plaintiff's mineral rights.  More specifically, the defendant states that the agreements contain an Arkansas address for notifying the plaintiff.  The defendant further alleges that the plaintiff's Colorado residence is merely a vacation home.  Later, the defendant sets forth facts regarding the plaintiff's alleged name change, business operations, and other relevant conduct that has occurred in Arkansas.  Based on those facts, the defendant claims that the plaintiff is a citizen of

Arkansas, and thus, diversity jurisdiction exists. No reply, which was due on March 28, 2016, was filed. After reviewing the motion and the parties' filings, this Court entered an order directing the parties to conduct limited discovery as to jurisdiction and to file supplemental memoranda. ECF No. 17.

The parties have since filed supplemental memoranda. ECF Nos. 27 and 28. In the defendant's supplemental response (ECF No. 27), it asserts that the plaintiff is a citizen of either Arkansas or West Virginia. The defendant alleges that the plaintiff has resided in West Virginia since September 21, 2015, when she bought a one-way bus ticket to West Virginia. Since then, the plaintiff has allegedly lived with her mother in West Virginia. Moreover, the plaintiff lived in West Virginia for four months before she filed her complaint, which was on January 13, 2016. The defendant then discusses additional background information about the plaintiff. Previously, the plaintiff lived in Arkansas with her then-boyfriend until at least June 2013. Later, her then-boyfriend purchased a farm in Colorado, at which time the plaintiff and her then-boyfriend ended their relationship. The defendant then points to a span of time when the plaintiff traveled back and forth from Colorado to Arkansas. Ultimately, the plaintiff moved back to West Virginia in September 2015. The defendant later discusses miscellaneous facts and circumstances that support its argument, including the following: (1) the plaintiff owns real property only

in West Virginia; (2) the farm in Colorado is owned solely by her ex-boyfriend; (3) all of her financial accounts are in West Virginia; (4) she has worked in West Virginia since returning; and (5) the plaintiff has paid property taxes in Arkansas related to a mobile home she has owned there since 2015. In essence, the defendant argues that the plaintiff is a citizen of either Arkansas or West Virginia, in which case diversity jurisdiction exists. Therefore, the defendant requests that this Court deny the plaintiff's motion to remand.

The plaintiff filed a supplemental reply. ECF No. 28. In that reply, the plaintiff first states that she reasserts her arguments found in her motion to remand. Next, the plaintiff contends that she is a citizen of Colorado because of the following: (1) she has a Colorado driver's license; (2) she has a Colorado fishing license; (3) a state court by order allegedly determined that the plaintiff was a resident of Colorado; (4) the plaintiff's only child graduated from high school in Colorado; and (5) the plaintiff has a vehicle titled in Colorado. As to the state court order referenced by the plaintiff, that court order pertained to a prior suit by the plaintiff in Colorado state court. In that case, the plaintiff argued that she was married to her ex-boyfriend by common law marriage. The state court found that the parties were not married and dismissed her case. In the order dismissing the case, the state court noted that the plaintiff "has

4

remained in Colorado since June of 2013." That order, however, was entered on August 24, 2015. The plaintiff allegedly left for West Virginia in September 2015. Moreover, the state court order made no explicit finding that the plaintiff was a citizen of Colorado. Nonetheless, the plaintiff requests that this Court grant her motion to remand.

The defendant filed a motion for leave to file a second supplemental response to the motion to remand. ECF No. 30. In that motion, the defendant asserts that good cause exists to grant its motion. In particular, the defendant wishes to address the plaintiff's Exhibits B and D from the plaintiff's supplemental brief (ECF Nos. 28 and 29), which are a copy of a fishing license from Colorado and a vehicle registration from Colorado. Allegedly, the plaintiff did not produce these exhibits during discovery, and the plaintiff also stated at her deposition that she did not have those items. Therefore, the defendant seeks to address those exhibits. The plaintiff did not respond to the defendant's motion.

For the reasons set forth below, the plaintiff's motion to remand (ECF No. 10) is DENIED, and the defendant's motion for leave to file a second supplemental response (ECF No. 30) is GRANTED.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal

courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought." Tomlin v. Office of Law Enforcement Tech. Commercialization, Inc., 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007). The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Mulcahey, 29 F.3d at 151.

Further, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey v. Alabama Power Co., 483 F.3d 1184, 1213–15 (11th Cir. 2007) ("In assessing whether removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is filed."); O'Brien v. Quicken Loans, Inc., 5:10CV110, 2011 WL

2551163 (N.D. W. Va. June 27, 2011); <u>Marshall v. Kimble</u>, No. 5:10CV127, 2011 WL 43034, at \*3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal."); <u>Fahnestock v. Cunningham</u>, 5:10CV89, 2011 WL 1831596, at \*2 (N.D. W. Va. May 12, 2011) ("The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal.") (internal citations omitted). Regarding punitive damages, the mere likelihood of punitive damages, without more, does not give rise to federal jurisdiction. <u>Cunningham</u>, 2011 WL 1831596, at \*2 (citing <u>Landmark Corp. v. Apogee Coal Company</u>, 945 F. Supp. 932 (S.D. W. Va. 1996)).

### III.  <u>Discussion</u>

The parties do not dispute that the defendant is a citizen of Delaware and Colorado. <u>See</u> <u>James G. Davis Const. Corp. V. Erie Ins. Exchange</u>, 953 F. Supp. 2d 607, 610 (D. Md. 2013) (A "corporation is deemed a citizen of any state in which it is incorporated or has its principal place of business[.]")(internal citations and quotations omitted). The issue, however, is determining in which state the plaintiff maintains citizenship. As will be discussed more thoroughly below, this Court finds that the plaintiff is a citizen of West Virginia for diversity jurisdiction purposes. Therefore, the plaintiff and defendant are diverse, and

thus, the plaintiff's motion to remand is DENIED and the defendant's motion to file a second supplemental response is GRANTED.

As a general matter, 28 U.S.C. § 1332 requires complete diversity between the plaintiff and defendant. In other words, the "state of citizenship of each plaintiff must be different from that of each defendant." Athena Automotive, Inc. v. DiGregorio 166 F.3d 288, 290 (4th Cir. 1999). "To establish citizenship of a state, a person must be both a citizen of the United States and a domiciliary of that state." Johnson v. Advance America, 539 F.3d 932, 937 n.2 (4th Cir. 2008) (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989)). As the United States Court of Appeals for the Fourth Circuit has stated, "domicile requires physical presence, coupled with an intent to make the State a home." Advance America, 539 F.3d at 937 n.2 (citing Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989)). However, in determining the essential elements of domicile, statements of intention are entitled to little weight when in conflict with the facts. Griffin v. Matthews, 310 F. Supp. 341 (M.D.N.C. 1969), affirmed, 423 F.2d 272 (4th Cir. 1970). Moreover, diversity jurisdiction depends on the citizenship of the parties **at the time** an action commences, meaning this Court must focus its jurisdictional inquiry solely on that time. See Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991); Leimbach v.

<u>Allen</u>, 976 F.2d 912, 917 (4th Cir. 1992). The Fourth Circuit has stated that to support diversity jurisdiction in removed cases, "diversity must have existed both at the time the action was originally commenced in state court and at the time of filing the petition for removal." <u>Rowland v. Patterson</u>, 882 F.2d 97, 99 (4th Cir. 1989) (internal citation omitted). When determining whether subject matter jurisdiction exists, a district court may properly consider evidence outside the pleadings. <u>Adler v. Federal Republic of Nigeria</u>, 107 F.3d 720 (9th Cir. 1997).

The record presented by the parties shows that the plaintiff has lived in and visited, at different points in time, the States of Colorado, Arkansas, and West Virginia. She maintains connections to all three of those states. For example, the plaintiff has a Colorado driver's license, and her oldest child attended high school in Colorado. In Arkansas, her ex-boyfriend, with whom she previously lived, had a home. Further, the plaintiff purchased a motorhome recreational vehicle that is registered as an antique in Arkansas. Turning to West Virginia, the plaintiff owns mineral interests on her mother's property in Pennsboro, West Virginia, which are at issue. She also co-owns a home with her ex-boyfriend in Parkersburg, West Virginia. The above examples are facts, among others, that the parties rely on to argue that the plaintiff is a citizen of one of those three states.

After reviewing the record, the facts show that the plaintiff
was domiciled, and thus a citizen, of West Virginia at the time the
action was both commenced and removed.  The plaintiff came back to
West Virginia from Colorado in September 2015.  ECF No. 27 Ex. A
*45-59.   She traveled to West Virginia by Greyhound bus after
purchasing a one-way ticket.  During her deposition, the plaintiff
stated that she plans on going back to Colorado.  Id. at *91.  As
stated above, however, in determining the essential elements of
domicile, statements of intention are entitled to little weight
when in conflict with the facts.  Griffin, 310 F. Supp. at 341.
Further, at the time of filing the complaint and notice of removal,
the plaintiff lived in West Virginia.[1]  That means the plaintiff
lived in West Virginia for four months prior to and at the time of
the commencement of this action.  The plaintiff also stated that
she was working in West Virginia, though her work consisted of
mostly odd-jobs.  Finally, the plaintiff owns real property only in
West Virginia.  None of these facts, on their own, proves that the
plaintiff is a citizen of West Virginia.  When collectively viewed,
however, the facts show that the plaintiff was domiciled, and thus
a citizen, of the State of West Virginia at the time the action was
both commenced and removed.  Therefore, this Court finds that, for

---

[1]The plaintiff states that she was in Arkansas from January
20, 2016, until February 2016.  She stated that she traveled "in
and out" of Arkansas during that time, and was selling "off the
remainder of the products inside the garage" of the home owned by
her ex-boyfriend.

purposes of diversity jurisdiction, the plaintiff was and is a citizen of the State of West Virginia. Thus, the plaintiff and defendant are sufficiently diverse, and accordingly, the plaintiff's motion to remand is DENIED, and the defendant's motion to file a second supplemental response is GRANTED.

## IV. Conclusion

For the reasons set forth above, the plaintiff's motion to remand is DENIED, and the defendant's motion to file a second supplemental response is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     July 26, 2016


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE