IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LUSCIOUS GRAHAM,

      Plaintiff,

v.                                    Civil Action No. 1:16CV26
                                                        (STAMP)
ANTERO RESOURCES CORPORATION,
a Delaware corporation,

      Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>
<u>**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,**</u>
<u>**DENYING PLAINTIFF'S MOTION FOR EXTENSION**</u>
<u>**OF TIME TO COMPLETE DISCOVERY AND**</u>
<u>**DENYING AS MOOT PENDING MOTIONS IN LIMINE**</u>

I.  <u>Procedural History</u>

The plaintiff originally filed this civil action in the Circuit Court of Ritchie County, West Virginia.  Thereafter, the defendant removed the action to this Court based on diversity jurisdiction.  The plaintiff is Luscious Graham, who alleges that she owns a portion of the mineral rights underlying land known as the "Belle Unit" in Ritchie County, West Virginia.  The defendant is Antero Resources Corporation, a Delaware corporation that engages in the drilling and production of oil and gas wells in West Virginia and other states.  The defendant obtained the required permits and drilled three horizontal oil and gas wells on the Belle Unit: A.P.I. Nos. 47-085-10027 ("Belle Unit 1H"), 47-085-10028 ("Belle Unit 2H"), and 47-085-10029 ("Belle Unit 3H").

The plaintiff asserts two counts in her complaint.  Count I of the complaint alleges that the defendant drilled the wells without the plaintiff's permission and thereby is liable for trespass.  The plaintiff also claims in Count I that the defendant is liable for theft and conversion of her interest in the mineral rights because the defendant has produced and marketed petroleum from the wells without her consent.  Count II of the complaint asserts that, after the defendant obtained the permits for drilling, the plaintiff signed three joint operating agreements ("JOAs") under threats of litigation and without a meeting of the minds.  The JOAs contemplate the defendant's working interest in the Belle Unit at 99.08314% and the plaintiff's working interest at 0.91686%.  The plaintiff also asserts in Count II that the defendant has refused to provide her the accountings she requested after signing the JOAs.

The defendant's answer asserts a counterclaim against the plaintiff.  The counterclaim asks the Court to enter a declaration of the rights and obligations of the parties in the three Belle Unit wells under the plain language of the JOAs.  Specifically, the counterclaim asks the Court to declare that the plaintiff is a Non-Consenting Party as to each well, that the plaintiff's mineral interest is leased to the defendant as to each well, and that the defendant has the right to operate each well according to the terms and conditions set forth in the respective JOAs.  Accordingly, the

counterclaim requests that the Court release and discharge the defendant from all liability relating to this dispute.

The plaintiff filed a motion to remand on March 2, 2016, alleging a lack of diversity. The Court subsequently ordered limited discovery and supplemental briefing as to jurisdiction. The Court found that it had jurisdiction and denied the plaintiff's motion to remand on July 24, 2016.

The defendant timely served its initial disclosures and then filed a motion to compel the plaintiff's initial disclosures. Magistrate Judge Michael John Aloi granted the defendant's motion to compel on September 22, 2016. On October 5, 2016, the defendant served discovery requests on the plaintiff, and the plaintiff did not serve any responses to those requests, which were due on November 7, 2016. The plaintiff did not serve any discovery requests on the defendant, and the discovery deadline was November 30, 2016. The plaintiff filed a motion to extend the time to complete discovery on November 22, 2016.

At issue in this memorandum opinion are (1) the defendant's motion for summary judgment (ECF No. 56); (2) the plaintiff's motion for extension of time to complete discovery (ECF No. 54); and (3) the defendant's motions in limine (ECF Nos. 66-73). For the reasons set forth below, the defendant's motion for summary judgment is granted, the plaintiff's motion for extension of time

to complete discovery is denied, and the defendant's remaining motions in limine are denied as moot.

## II.  <u>Facts</u>

The parties have now filed the following documents that are at issue in this memorandum opinion and order: (1) the defendant filed a motion for summary judgment (ECF No. 56); (2) the plaintiff filed a motion for extension of time to complete discovery (ECF No. 54); and (3) the defendant filed several motions in limine (ECF Nos. 66-73).  The motion for summary judgment and motion for extension of time to complete discovery are discussed below.  Regarding the motions in limine, those are discussed later in this memorandum opinion.

## A.  <u>Defendant's Motion for Summary Judgment</u>

The defendant argues that this Court should grant its motion for summary judgment as to both Count I and Count II of the complaint.  As to Count I, the defendant argues that the Court should grant the motion because it entered into the three JOAs with the plaintiff for each of the three wells on the Belle Unit. Specifically, the defendant argues that there was no trespass or conversion because the plaintiff agreed to lease her mineral rights to the defendant under the JOAs.  The defendant further argues that the plaintiff defaulted on her working interest by failing to make payments under the JOAs and is now thus a Non-Consenting Party. The defendant asserts that, by signing the JOAs and electing to

participate in the drilling operations, the plaintiff was obligated to advance her proportionate share of the costs of the operations. Because she failed to make the payments and is now a Non-Consenting Party, the defendant states that, under the terms of the JOAs, she is entitled only to a one-eighth royalty for her mineral interest, which is treated as leased to the defendant.

As to Count II, the defendant argues that the plaintiff is not entitled to an accounting because she was deemed a Non-Consenting Party after defaulting on her share of the drilling costs. The defendants explains that, under the terms of the JOAs, a Non-Consenting Party is not entitled to receive information on the drilling operations. Lastly, the defendant argues that the Court should enter a declaration of the rights and obligations of the parties under the plain language of the JOAs as pled in the defendant's counterclaim.

The plaintiff then filed her response in opposition. ECF No. 64. The plaintiff attached an affidavit to her response explaining that she has been able to conduct only limited discovery thus far because her child was killed in a shooting accident during the time discovery responses were due. She also states in the affidavit that she has since filed late responses and that she does not share the defendant's understanding of the terms of the JOAs. In the response in opposition, she argues that the facts of the case are as set forth in her complaint and the affidavit attached to the

response, and that those facts are contrary to the facts set forth in the defendant's motion for summary judgment.   The plaintiff argues that the motion for summary judgment should be denied because of the parties' contrary statements of facts and because the defendant's argument centers around "blithe acceptance" of the terms of the JOAs.

The defendant timely filed a reply.   ECF No. 65.   The defendant states in its reply that the plaintiff's response was not timely and that the plaintiff has also ignored other filing and scheduling order deadlines.   The defendant further states that the plaintiff has not presented sufficient evidence to create a genuine issue of material fact.   In support of that argument, the defendant notes that the plaintiff's answers to the defendant's requests for admission contain only a one-line blanket denial, which is insufficient as a matter of law and deems the matters asserted in the requests admitted and conclusively established.   The defendant also cites case law in support of its argument that the plaintiff cannot undo her default admissions with her later untimely answers in part because they cannot be construed as a "motion" to withdraw the default admissions.   Even if the Court were to construe the untimely answers as a motion to withdraw the deemed admissions, the defendant argues that the motion could not be granted because doing so would prejudice the defendant and not promote presentation of the merits.

B.  <u>Plaintiff's Motion for Extension of Time to Complete Discovery</u>

The plaintiff filed her motion for extension of time to complete discovery on November 22, 2016.  The discovery deadline set forth in the Court's scheduling order was November 30, 2016. The plaintiff argues that she has been unable to respond to the defendant's discovery requests for personal and logistic reasons. The plaintiff also states that the defendant had informally agreed to provide the plaintiff with certain discovery documents and did not do so in a satisfactory manner, which will require the plaintiff to obtain the requested information in a much more lengthy and time-consuming manner.  Lastly, the plaintiff asserts that neither party will be able to adequately prepare for trial without an extension of the discovery deadlines.

The defendant filed a response in opposition to the plaintiff's motion on December 5, 2016.  The defendant argues that the plaintiff has not shown good cause to amend the scheduling order to extend discovery deadlines as required by Federal Rule of Civil Procedure 16(b)(4).  The plaintiff cited three reasons for her motion to extend discovery deadlines.  As to the plaintiff's first basis that she has been unable to respond to discovery requests for personal and logistic reasons, the defendant argues that the assertion fails to explain why the plaintiff did not request additional time sooner and also fails to specify what additional discovery is necessary and how long it will take.  The

7

defendant also argues that, under Federal Rule of Civil Procedure 36, the matters asserted in the defendant's requests for admission are deemed admitted and conclusively established.

The plaintiff's second basis was that she and the defendant had an informal agreement to provide documents. To this basis, the defendant argues that it voluntarily provided the plaintiff with an accounting of the actual costs for the Belle Unit wells and the plaintiff never indicated that she was dissatisfied with the accounting or attempted to obtain additional discovery. The plaintiff's last basis for an extension of discovery deadlines is that neither party will be able to prepare adequately for trial without an extension. The defendant responds to this argument by stating that the plaintiff has not been able to point to a genuine issue of material fact for trial after several months of discovery and the plaintiff's admissions provide conclusive evidence that the defendant is entitled to summary judgment.

The defendant also asserts that the plaintiff did not contact the defendant to determine three possible alternate deadlines before filing the motion as required by Local Rule of Civil Procedure 16.01(f)(1).

## III.   Applicable Law

### A.   Motion for Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure,

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A)  citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials; or
(B)  showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact."  Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).  However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Anderson, 477 U.S. at 256.  "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)

("Summary judgment 'should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.'" (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Supreme Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

B.   **Motion for Extension of Time to Complete Discovery**

Federal Rule of Civil Procedure 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause requires that the party has been diligent in seeking to abide by the applicable deadlines. Cook v. Howard, 484 F. App'x 805, 815 (4th Cir. 2012). To determine whether a party has satisfied the good cause standard, courts look to "the danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial

proceedings, the reason for the delay, and whether the movant acted in good faith." Tawwaab v. Va. Linen Serv., Inc., 729 F. Supp. 2d 757, 768-69 (D. Md. 2010) (internal quotation marks omitted).

## IV.  Discussion

As stated earlier, the defendant's motion for summary judgment and the plaintiff's motion for extension of time to complete discovery are at issue in this civil action.  Further, the parties filed several motions in limine.  Those motions are discussed below in the order presented.

## A.  Defendant's Motion for Summary Judgment

In its motion for summary judgment, the defendant argues that Count I of the plaintiff's complaint, the claims of trespass and conversion, fails because the parties entered into three JOAs for each of the Belle Unit wells, in which the plaintiff agreed to lease her minerals to the defendant.  The defendant argues that Count II of the plaintiff's complaint, in which she requests an accounting, fails because, by defaulting on her working interest, the plaintiff is now a Non-Consenting Party under the terms of the JOAs and not entitled to an accounting.  The defendant also argues that it is entitled to a declaration of the rights and obligations of the parties as pled in its counterclaim.

In opposition to the defendant's motion, the plaintiff argues that the defendant's argument centers around "blithe acceptance" of

11

the terms of the JOAs and that the plaintiff initiated the case to set aside the terms of the JOAs.

For the following reasons, this Court grants the defendant's motion for summary judgment.

1.  <u>The Defendant's Requests for Admission Are Deemed Admitted and Conclusively Established Pursuant to Federal Rule of Civil Procedure 36</u>

As a preliminary matter, the defendant's requests for admission are deemed admitted and conclusively established.  The plaintiff did not respond to the defendant's First Requests for Admission, Second Set of Interrogatories, or Second Request for Production of Documents.  The defendant served the discovery requests by regular United States mail and electronic mail on October 5, 2016.  The thirty-day period for the plaintiff to respond expired on November 7, 2016.  Under Federal Rule of Civil Procedure 36, the matters asserted in the defendant's requests for admission are deemed admitted and conclusively established.  <u>See</u> Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."); Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."); <u>see also</u> <u>Weva Oil Corp. v.</u>

Belco Petroleum Corp., 68 F.R.D. 663, 667 (N.D. W. Va. 1975) ("[W]here there is no response to a request for admission, the party making the request is entitled to rely thereon and no further proof is required to be made of the facts thus admitted.").

The plaintiff filed late responses, but those late responses were only a one-line blanket denial of the defendant's requests for admission, which are insufficient as a matter of law. See Fed. R. Civ. P. 36(a)(4) ("If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter . . . ."). This Court cannot construe the untimely one-line blanket denial as a formal request or "motion" for withdrawal of the plaintiff's constructive admissions to the defendant's discovery requests as required by Rule 36(b).

Rule 36(b) gives the Court discretion to permit withdrawal or amendment of an admission to a request for discovery only upon motion of a party, not sua sponte. See Adventis, Inc. v. Consol. Prop. Holdings, Inc., 124 F. App'x 169, 173 (4th Cir. 2005) ("[O]nce a matter that is properly subject of an admission under Rule 36(b) has been admitted during discovery, the district court is not free to disregard that admission."). Here, there was no such motion and, thus, this Court cannot disregard the plaintiff's admissions.

2.   <u>The Plaintiff's Default Admissions Cannot Be Rebutted by the</u>
<u>Affidavit Attached to Her Response to the Defendant's Motion for</u>
<u>Summary Judgment</u>

The plaintiff attached an affidavit to her response to the
defendant's motion for summary judgment, but the affidavit is
inadequate to present a genuine issue of material fact. First, the
affidavit improperly relies on hearsay, asserting that the death of
her child during the time her discovery responses were due was the
reason she did not respond appropriately. <u>See</u> Fed R. Civ. P.
56(c)(4) ("An affidavit or declaration used to support or oppose a
motion must be made on personal knowledge, set out facts that would
be admissible in evidence, and show that the affiant or declarant
is competent to testify on the matters stated."); <u>Evans v. Tech.</u>
<u>Applications & Serv. Co.</u>, 80 F.3d 954, 962 (4th Cir. 1996)
("[S]ummary judgment affidavits cannot be conclusory or based upon
hearsay." (internal citations omitted)).

Second, the affidavit is an improper use of a pleading to
dispute a summary judgment motion.   <u>See</u> <u>Buckner v. Tygart Valley</u>
<u>Const., Inc.</u>, No. 2:04CV75, 2007 WL 2416373, at *11 (N.D. W. Va.
Aug. 20, 2007) ("Default admissions that are not withdrawn or
amended cannot be rebutted by affidavits entered in opposition to
summary judgment nor can those admissions be ignored by the Court
simply because it finds the evidence presented by the party against
whom the admissions operated to be more credible.").   Thus, the

plaintiff cannot cure her constructive admissions with an affidavit attached to her summary judgment pleading.

Additionally, even if the affidavit did not improperly rely on hearsay and use a pleading to dispute a summary judgment motion, it still would not present a genuine issue of material fact. The affidavit asserts that the plaintiff's son died in an accident when her initial disclosures were already more than two weeks late and more than five weeks before the defendant served its second set of discovery requests. In other words, the plaintiff's discovery responses were due over ten weeks after the date of her son's death, during which time the plaintiff did file her late initial and supplemental initial disclosures. Thus, the plaintiff's affidavit cannot rebut her earlier constructive admissions.

3.   The Plaintiff Has Failed to Present Any Genuine Issue of Material Fact as to Count I, Count II, or the Defendant's Counterclaim

The plaintiff's argument that the terms of the JOAs should be set aside falls short because, in her reply to the defendant's counterclaim, the plaintiff admits to executing the JOAs and the recording supplement, Authorization for Expenditure ("AFE"), and Well Participation Election for each of the JOAs. The plaintiff admitted that she signed the Belle Unit 3H Well Participation Election and Belle Unit 3H Well AFE on December 27, 2013. The plaintiff admitted that she signed the JOAs and recording

supplements for the Belle Unit 3H Well and the Belle Unit 1H Well, the Belle Unit 1H Well Participation Election, and the Belle Unit 1H AFE on February 21, 2014.  Lastly, the plaintiff admitted that she signed the JOA, recording supplement, Well Participation Election, and AFE for the Belle Unit 2H Well on March 18, 2014.

The plaintiff's argument also falls short because she admitted that she was invoiced for each of the three Belle Unit Wells.  She admitted that she received a letter with the invoice for the Belle Unit 3H Well on December 20, 2013.  She admitted that she received the letter with the invoice for the Belle Unit 1H Well on February 12, 2014.  Lastly, she admitted that she received a letter with the invoice for the Belle Unit 2H Well on March 10, 2014.  She also admitted that she received follow-up letters requesting the payment of the invoice for each of the three wells within thirty days.  She received the request for payment of the Belle Unit 3H Well invoice on March 3, 2014, the request for payment of the Belle Unit 2H Well invoice on April 2, 2014, and the request for payment of the Belle Unit 1H Well invoice on April 25, 2014.

Despite admitting to receiving the invoices and follow-up letters requesting payment within thirty days, the plaintiff did not remit payment for any of the wells.  The plaintiff's failure to remit payment on the wells triggered Article XVI.J. of each JOA, which provides in relevant part:

> Any party electing to participate in any drilling or
> completion operation, or any other operation requiring

16

the advance written approval of the parties participating in such operation shall, if invoiced by Operator, be obligated to advance its proportionate share of the total estimated cost shown on the proposal for such operation. Operator shall have the right to invoice each Consenting Party for its proportionate share of such costs within thirty (30) days prior to the anticipated commencement date of such operation (or promptly following the commencement of operations after the expiration of the election period stated in Article VI.C.1. with respect to a completion operation). Any Consenting Party who fails to pay the full amount of its invoice to Operator within thirty (30) days following receipt of such invoice shall be in default and shall be deemed to be a Non-Consenting Party with respect to such operation, without any requirement that Notice of Default or Notice of Non-Consenting Election be furnished to such party. Thereafter, the provisions of Article VI.B.2.(a), shall apply with respect to treatment of the proposal and the Non-Consenting Interest.

Article VI.B.2.(a), referenced in the above provision, provides in relevant part as follows:

Operator shall assume the rights and obligations of any Non-Consenting Party in the proposed operation to the extent of such Non-Consenting Party's interest in the Contract Area.

Thus, as the plaintiff admits to executing the JOAs and associated documents, she is bound by the terms of those documents, including Articles XVI.J. and VI.B.2.(a) of the JOA for each of the three Belle Unit wells. Under the terms of the JOAs, portions of which are cited above, the plaintiff became a Non-Consenting Party when she failed to remit payment on any of the wells. As a Non-Consenting Party, her mineral interest is treated as leased to the defendant under the terms and conditions of the form Oil and Gas Leases attached as exhibits to the JOAs.

17

Accordingly, the plaintiff cannot prevail on her claims for trespass and conversion stated in Count I of her complaint. Under West Virginia law, trespass is "an entry on another man's ground without lawful authority, and doing some damage, however inconsiderable, to his real property." Hark v. Mountain Fork Lumber Co., 34 S.E.2d 348, 352 (W. Va. 1945). Because the JOAs and associated documents provided the defendant with the lawful authority to enter and operate upon the Belle Unit wells, the plaintiff's trespass claim fails. Conversion under West Virginia law is "[a]ny distinct act of dominion wrongfully exerted over the property of another, and in denial of his rights, or inconsistent therewith, may be treated as a conversion and it is not necessary that the wrongdoer apply the property to his own use." Rodgers v. Rodgers, 399 S.E.2d 664, 677 (W. Va. 1990). The plaintiff's claim for conversion also fails because, under the terms of the JOAs executed by the parties, the plaintiff's mineral interest is treated as leased to the defendant. Thus, there was no act of wrongful dominion of the plaintiff's property by the defendant.

The plaintiff's alternative claim for an accounting in Count II also fails because she is not entitled to an accounting under the terms of the JOAs as a Non-Consenting Party. Article XVI.J. of each JOA sets forth as follows:

> The rights of a defaulting party that may be suspended hereunder at the election of the non-defaulting parties shall include, without limitation, the right to receive

18

information as to any operation conducted hereunder during the period of such default.

Although not required to do so under the terms of the JOAs, the Court notes that the defendant nonetheless voluntarily provided the plaintiff with an accounting of actual costs for the Belle Unit wells on June 21, 2016.  This accounting included vendor names, descriptions of services, dates, invoice numbers, amounts per well, and total amounts.

The defendant is further entitled to summary judgment on its counterclaim for declaratory judgment.  Declaratory judgment "is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)).  Here, the plain language of the JOAs governs the parties' relationship with regard to the plaintiff's mineral interest in the Belle Unit wells, and granting declaratory judgment to the plaintiff will serve the useful purpose of clarifying and settling that legal relationship.  Additionally, the plaintiff did not address the defendant's counterclaim for declaratory judgment in her response in opposition to the defendant's motion for summary judgment.

Thus, the defendant is entitled to declaratory judgment as pled in its counterclaim and as is plainly set forth in the JOAs. Specifically, the defendant is entitled to declaratory judgment that the plaintiff's mineral interest in the Belle Unit wells is leased to the defendant under the terms and conditions set forth in Exhibit B to the JOAs; that the defendant has the right to operate the Belle Unit wells, including the plaintiff's mineral interest; and that the plaintiff is entitled to only a one-eighth royalty for her mineral interest, subject to Article VI.B.2.(b) and the other terms and conditions of the JOAs.

B.   <u>Plaintiff's Motion for Extension of Time to Complete Discovery</u>

After a review of the case history and the arguments advanced by the plaintiff and the defendant, this Court finds it clear that the plaintiff has failed to show good cause to extend discovery in this case.   The first and only time the plaintiff formally requested additional time to respond or otherwise complete discovery was November 22, 2016, by the present motion to extend discovery deadlines.   As discussed previously, the plaintiff's failure to provide timely, sufficient responses resulted in her constructive admission of the defendant's requests for admission pursuant to Rule 36(b).   The plaintiff does not overcome these admissions by her affidavit citing "personal and logistic" reasons for her inability to appropriately respond to discovery requests. Thus, this Court finds that the plaintiff was not diligent in

20

seeking to abide by the applicable deadlines as required by Cook, 484 F. App'x at 815, and, thus, cannot satisfy the good cause standard.

Additionally, the plaintiff has not served any discovery on the defendant and does not specify in her motion what discovery is necessary or how long it would take to obtain such discovery. Accordingly, as there is no way to tell how lengthy or expensive the delay would be, granting the extension would result in "danger of prejudice to the non-moving party." Tawwaab, 729 F. Supp. 2d at 768-69.

The plaintiff's motion references the parties' informal agreement to provide documents and alleges that the defendant did not do so in a satisfactory manner. However, as discussed previously, the defendant did voluntarily provide the plaintiff with an accounting of actual costs for the Belle Unit wells. The plaintiff never requested additional discovery or otherwise expressed dissatisfaction with the accounting provided to her.

Accordingly, the Court finds that the plaintiff has not shown good cause to extend the discovery deadline. See Pony Computer, Inc. v. Equus Computer Sys. of Mo., Inc., 162 F.3d 991, 996-97 (8th Cir. 1998) (affirming district court's denial of extension of discovery deadline as "an unbounded fishing expedition" and noting that "[i]nadequate discovery cannot be a shield against summary judgment without a showing of a meritorious opposition").

21

C.   Defendant's Motions in Limine

Following the defendant's motion for summary judgment, the defendant filed several motions in limine. ECF Nos. 66-73. Because this Court grants the defendant's motion for summary judgment, the motions in limine are moot at this stage. Accordingly, the pending motions in limine are denied as moot.

V.   Conclusion

For the reasons set forth above, the defendant's motion for summary judgment (ECF No. 56) is GRANTED. Accordingly, the pending motions in limine (ECF Nos. 66-73) are hereby DENIED AS MOOT. Further, the plaintiff's motion for extension of time to complete discovery (ECF No. 54) is DENIED.

Additionally, the defendant's counterclaim for declaratory judgment is GRANTED and the Court DECLARES the rights and obligations of the plaintiff and the defendant in the Belle Unit 1H Well, the Belle Unit 2H Well, and the Belle Unit 3H Well, under the terms of the Joint Operating Agreements relevant thereto, as follows:

(1) that the plaintiff is a Non-Consenting Party as to each well;

(2) that the plaintiff's mineral interest is leased to the defendant as to each well;

(3) that the defendant has the right to operate each well according to the terms and conditions set forth in the respective Joint Operating Agreements; and

(4)  that the defendant is forever released and discharged from any and all liability of any kind or nature whatsoever relating in any way to this dispute.

It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   April 7, 2017


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

23